# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PHYSICIANS INDEMNITY RISK RETENTION GROUP, INC, | )<br>)<br>) |
| Plaintiff(s), | ) |
| vs. | ) |
| RISK MANAGEMENT CENTER, INC, *et al*., | ) |
| Defendant(s). | ) |

Case No. 2:09-cv-1544-RLH-PAL

**O R D E R**
(Motion to Strike Arbitrator–#74)

   Before the Court is Plaintiff's **Motion to Strike Appointment of Arbitrator** (#74, filed January 12, 2011). Defendant Mark Dorfman's Opposition (#76) was filed January 26, 2011. Plaintiff's Reply (#80) was filed February 7, 2011. Having considered all these documents, the Court will grant the motion.

   The appointment at issue is the appointment of Vernon E. Leverty, by Mark Dorfman as arbitrator for Mr. Dorfman, Risk Management Center, Inc. ("RMC"), and Actura, Inc. ("Actura").

   The bases for the motion are (1) that Plaintiff has settled its claims with RMC and Actura (see #79, filed February 4, 2001); and (2) Mr. Leverty and his law firm has acted as counsel for Dorfman, RMC and Actura in dealings with the Nevada Division of Insurance related to this case. Defendant Dorfman denies both bases.

/ / / /

1

I. THE SETTLEMENT OF CLAIMS

At the time Dorfman filed his Opposition to the motion, the settlement had not been concluded.  Accordingly, he was, at that time, correct.  However, the settlement had obviously already been agreed to, although it was only made of record in February 2011.

If RMC and Actura have settled, the appointment of an arbitrator on their behalf is void.  The record confirms the settlement and dismissal and the Court finds that the appointment of the arbitrator on behalf of RMC and Actura should be stricken.

II. DISINTEREST OF APPOINTED ARBITRATOR

Although Defendant Dorfman argues strenuously that the other Defendants cannot have settled with Plaintiff, the record belies that argument.

Defendant Dorfman also argues, with even more force, that Mr. Leverty never represented Dorfman, only RMC.  His arguments not only belie the facts, they border on the disingenuous.

For example, although he may have technically only represented RMC, he was hired to do so by Dorfman, who was the President, Director, and the admitted guiding force and decision maker for RMC.

In Leverty's correspondence with the Nevada Division of Insurance, Mr. Leverty takes positions regarding key issues in this case including the validity of the Management Agreement and the issue of ownership of records under the Agreement.  The purposes of those letters are to advocate both Dorfman and RMC's position.  Leverty made the same arguments on behalf of Dorfman and RMC that Dorfman and Dorfman Defendants will be making in the arbitration.  It cannot now be argued that he is disinterested.

Furthermore, both Dorfman and RMC shared a unity of interest through most of this litigation.  To now claim that, technically, Leverty only represented RMC, and has not confided in and with Dorfman about the issues of this case, strains credulity.

/ / / /

The Management Agreement requires the arbitrator be "disinterested." The Court finds that Mr. Leverty is not a disinterested person and therefore is disqualified as an arbitrator in this arbitration and will be stricken.

Defendant Dorfman also claims that this motion is just a smoke screen to cover the lack of qualifications of Plaintiff's arbitrator. The Court finds this argument to be a strawman to deflect the Courts consideration of Defendant's selection of an arbitrator. It is not lost on the Court that Mr. Ashleman was appointed by Plaintiff's as their selection in December 2009 and Defendant has never, even to the present, moved to strike the appointment (raising the issue as an aside in opposition to Plaintiff's motion does not constitute a motion). Plaintiff, on the other hand, filed its motion to strike within two weeks of the appointment of Leverty. Defendant Dorfman is guilty of laches with respect to any challenge of Mr. Ashleman and his failure to timely file such a motion has and will deprive him of the right to do so now.

Finally, there has already been undue delay in the arbitration of this matter and the Court will require Defendant Dorfman to expedite the appointment of a qualified arbitrator.

IT IS THEREFORE ORDERED that Plaintiff's **Motion to Strike Appointment of Arbitrator** (#74) is GRANTED.

IT IS FURTHER ORDERED that Defendant Dorfman will have fourteen (14) days from the date of this order to appoint a qualified arbitrator and any failure to do so will result in sanctions by the Court.

Dated: June 28, 2011.

_____
**Roger L. Hunt**
**United States District Judge**